Case No. 15-400, William Russell Bruckner v. Others v. David Lundin v. Others. I guess not to receive this aside, Mr. Abboud for the appellants. Good morning. May it please the court, F. Joseph Abboud, appearing on behalf of the defendant appellants, City of Lansing, and Code Compliance officers. You're appearing today for the City of Lansing. I didn't think the City of Lansing appealed. I'm appearing on behalf of all the defendants, but you're correct. The qualified immunity issues are the preeminent issues for your consideration. They're the only issues, are they not, on the interlocutory appeal? Is the appeal of the denial of qualified immunity to the individuals? It is. That's correct, Your Honor. But also, we believe that there is an augmentation of our argument that there was no constitutional deprivation. I think it would apply to all the defendants for your consideration. Well, okay. I'm looking at your claim of appeal in the case, and I didn't see the claim of appeal directed as to the City of Lansing. I saw it just as to the individuals. As to the qualified. Am I wrong? No, Your Honor. That's correct. Okay. And, I mean, our normal rule is interlocutory appeals, we don't have jurisdiction, but we have an exception for qualified immunity cases as long as there's no dispute of facts. It's just a legal question. I don't dispute that at all. Okay. All right. Let's talk about qualified immunity, then. Thank you, Your Honor. But the gateway analysis to the due process qualified immunity, and quite frankly, I'd like to ask for approximately three minutes of remodel. Thank you. But in order to state a claim for violation of procedural due process under Section 1983, the plaintiffs must show that they were deprived of a liberty or a property interest. And plaintiffs here have fashioned their case as the deprivation of a significant property interest. Was the red tag a notice immediately to quit? I didn't quite understand how it works. Or could the tenant stay in there for at least some period? And if it's not in the record, it's not in the record, don't bother, it's not that big a deal. I'm just curious. No, thank you, Your Honor. That's right in the point that I'm trying to make here. The red tag procedure, for your consideration in this case, there are other tags, but the red tag procedure is that there is a finding that the property is a nuisance per se by law. And therefore, for the health, safety, and welfare of the people, no occupancy can be. That's what I understood. Yes. Thank you. And that goes right to this point here, that it's a longstanding principle of law, as this Court well knows, and it goes back at least to the 1887 case of Mugler v. Kansas, that no property owner has a compensable property interest in a nuisance. In fact, and that's what the red tagging procedure does here. In a what? I didn't hear the word. In a nuisance. Nuisance, okay. I'm sorry. And that's what the red tagging procedure is. It's not a deprivation. It's not a taking of the property. Well, I mean, they claim it's not a nuisance. I mean, if they want to appeal, I mean, they're appealing the issuance of the red tag nuisance and saying, no, this is not a nuisance. It doesn't violate the codes and whatever. I mean, that's what it's about. And it's not conclusive that it is a nuisance because it's been red tagged, is it? We are asserting that that's exactly what it is, that it's a nuisance. Well, I mean, okay, why do you have an appeal process? Well, and quite frankly, the appeal process is necessary to be able to contest that on behalf of the landowners. And the process is necessary under the 14th Amendment. But the assertion here, Your Honors, for your consideration, is that the red tagging procedure is an enforcement of the obligation on the property owners, all these plaintiffs, to abate the nuisance. Were they tenants or owners? They were owners. And some of them actually resided in the property, it's my understanding. So you have both, residents as well as property owners. Maybe I thought that the focus of the contention was on the adequacy of the notice of the right to appeal. And candidly, once again, when I read their brief, I said, oh, come on now. You're not being told that you have a right to appeal. Got any questions? Call a number. But it's also my understanding that the problem he has to meet is, it seems to me that the law says, oh, yeah, it is. That's sufficient to put you on notice that if you want to challenge the action, the state action, that's the process and that is all that's necessary to alert the subject of the state action that they can contest it. And that's absolutely correct, Your Honor. And quite frankly, this court this year in Shoemaker versus the City of Howell expressed those points. And they followed up on Silvernail. They followed up on the progeny of cases that we briefed and laid out before you, that the notice provided here, the phone number, the individual to call, along with the posting of all the information on the World Wide Web, the Internet, which is the gold standard today for the dissemination and acquisition of information, as well as all the information being available at the clerk's office for the City of Lansing. And as you know, the public is charged with knowledge of the law. I understand that. I'm talking real-world practicalities. And I think he is the tougher part of this case, quite candidly. The case comes down to a 1994 case from our court, the Flat Rock case. Yes, Your Honor. And that was prior to the Internet. But it's still our precedent on this. And that's what the district court fouled in this case. And tell me why Flat Ford, I guess. Flatford versus. Why that isn't any precedent on this? For a couple of reasons. Thank you, Your Honor. The first one is the Flatford court is, well, the Flatford decision is distinguishable from these facts because in the Flatford court, no notice was provided whatsoever. So Flatford stands for the general proposition that if there is no process, it's a violation of the 14th Amendment. Clear general rule, not contested. No notice was provided in that case. Here, notice was provided. Secondly, Flatford. Well, the notice here was just a phone call if you had questions. It wasn't notice of the rights to appeal. And didn't our court at Flatford say that notice of the rights to appeal must be afforded? Yes, notice has to be afforded. The process has to be afforded. And in this case, given Silvernail and the progeny of other cases, that a phone number and an individual to call for further questions, even though it doesn't mention the appellate process specifically, is sufficient notice. And it gives the opportunity to be heard. And so it satisfies the due process requirements. And I think this is exemplified and amplified in the Shoemaker case, the recently decided Shoemaker case. The second thing, Your Honor, that Flatford did not discuss or determine within their rationale or reasoning was the fact that the city of Monroe had these policies published and printed. The appellate process and procedure was published and printed and available to the public. And the Flatford court never even considered that. And I think that's a significant consideration. And therefore, I think that distinguishes Flatford. It makes it an outlier in the landscape of the state of the law for the due process analysis. And is undermined not just by the recent case in Shoemaker, but at the time by Silvernail, by Memphis Light, by the Seventh Circuit case in Horn, by Heredia v. Detroit, Sixth Circuit case. All these cases show that the notice provided here was sufficient for the due process rationale for the 14th Amendment. Also, for your consideration, I would point out that... In any event, if I may, I'm sorry. Sure. Thank you. Given the time. That even if that's correct, that Flatford should have been what happened, controlling, we're talking qualified immunity. What a rational officer, reasonably well-informed officer, would or should have known about his constitutional obligations. I'm feeding your next argument, obviously. Clearly. Hey, if he reads all these cases, at the very least, he says, Well, I don't know. I guess this is okay. And even if he's wrong under Flatford, under the laws it has since developed, it's been tossed up in the air. I agree entirely. The question was clearly not beyond debate for our line officers, our code compliance officers, to look at the notices provided by the City of Lansing and say, Hey, this is a clear violation of the law. If you look at Silver, if you look at the case law, clearly this is not beyond debate. There was a vibrant debate over what process is due, given these cases that were existing at the time. This further becomes amplified and makes the argument on behalf of defendant appellants even more compelling with the rulings in Shoemaker versus the City of Howell, this 2015 case. Are you familiar with our en banc decision in Bible Believers in the City of Dilbert-Dearborn, the protest during the Arab Presidential? No, I am not, Your Honor. I apologize. I adopted your argument that the officers were entitled to qualified immunity because it wasn't beyond debate. Obviously, we had all these opinions from the court, but the majority said it was beyond debate, and they denied qualified immunity. So I guess it's kind of in the eye of the beholder, whether it's beyond the debate, even though there's a debate going on. And quite frankly, Your Honor, I think if it's in the eye of the beholder, then it is not beyond debate. Well, that was my position, but I lost that round. I appreciate that, though. The other thing that I think Shoemaker does is bring out a final point, and I'll just do this briefly, is that the plaintiffs had an obligation to contest this. And under Article VI, Section 28 of the Michigan Constitution, there is a process where they can appeal all of these things, go right to the state circuit court for judicial review. That was not done. And the Shoemaker court indicated that if you do not pursue these things, you lose your right to a due process claim, even if, in fact, there was a violation of due process. For all these reasons, we believe that the underlying decision needs to be reversed. And if I may just point, I'm looking at your list of cases. Did Shoemaker come out after? Yes, Your Honor. Okay. That's why I wanted to address that. And when you did, if you gave us a citation, I missed it. Do you have it? I do have it, Your Honor. And is it S-C-H-U or S-C-H-O, Shoemaker? Yes, traditional spelling. It is. Actually, all I have is the Westlaw because it's a 2015 case. It's W-L-4-5-4-8-3-3-6. Is it published? I'm sorry. Go ahead. I apologize. I believe it is for publication, but I'm not certain of that. Whether we have to file Flatford depends on whether it's been overruled. You cite cases from other circuits. Well, they can't overrule our case. And our panel can't overrule a prior panel. It may have been . . . Well, anyway, that's my main concern here, whether it's still good law or not. And I think Flatford is distinguished on the grounds that I indicated and as indicated in our briefs. And I think the lower court reached too far. I think it only stands for the general proposition that without any process, which was the case in Flatford . . . It does have language broader than that, right, about providing notice. I don't believe it does. I think the lower court expanded on it to assert the requirement of actual notice, but the Flatford court did not give that holding. All right. Thank you. Thank you. We'll have your rebuttal. We've got a Flatford decision in front of me. If you know where it talks about providing notice, I'll look at it. I won't be able to give you the page. I'm sorry. Good morning, Your Honors. May it please the Court. Nick Bostic on behalf of the plaintiffs. I won't be able to give you the page site, but I do recall reading that just this morning in the court. The panel was talking about they cited the notice, which in that case did have information concerning the right to appeal. What did it say in Flatford? I'm sorry.  What did the notice actually . . . What did the red tag equivalent in Flatford say about that precisely? It gave the owner notice of the prohibition on use, the requirement to comply with the specific deficiencies listed, and the notice of the appeal process. What did it say? What were the exact words in your rebuttal? I don't think the opinion quoted . . . There was a sentence where they were paraphrasing what was on the notice. But the issue was the fact that the occupants, the tenants, received nothing. And that is how, to me, they tried to distinguish Flatford in their brief. There wasn't a deficiency in whatever was told about the right to challenge. The owner of the property . . . It was the failure to see to it that the persons with a stake in making a challenge hadn't gotten that notice. Is that correct? Yes. And interestingly, there's a footnote in Flatford, footnote 2 in Flatford. It cites to the ordinance, and it requires notice to the owner, occupants, and others holding an interest. Notice of what? Of the right to appeal and the existence of the you-can't-use-the-property. In addressing the arguments that were just made, I completely disagree that the red tag equals a declaration of a nuisance per se. I think this panel is well aware that a line officer in a code compliance office doesn't have the authority. The declaration . . . I was a little startled by that argument. A nuisance per se . . . I agree with you on that, that, wait a minute, some building inspector can go in and shut the premises down simply by affixing the label nuisance. And, again, I think we have to look at the overall circumstances here. You have a search warrant in a crack house, or at least an apparent crack house, or drug activity, and I gather that the practice, or at least in the cases of clients you're representing, they call up and say, Hey, guys, come on over and, in effect, help us out. I mean, it's all part of the city's effort to shut down crack houses. We'll get into that a lot more when we come back on the Fourth Amendment claims. Okay. Absolutely. I understand, but I'm just saying that I agree with you that simply the word nuisance getting thrown in there when apparently also some of the code violations were relatively trivial and relatively easily fixable. Within minutes, some of them. Yeah. Okay. So this argument that they've presented today that there's no property interest in a nuisance, my recollection is it was not raised in the lower court and it was not briefed. I don't think it was either. But, anyway, the nuisance per se, I mean, that's a term of art. I understand. I'm saying on that issue, as far as I'm concerned at this point, you win. And Mr. Abboud also indicated that all of these plaintiffs are owners, and that is not correct. Mr. Gardner and Mr. Hudson are owners. Mr. Gonzalez and Ms. Mora were tenants, I believe, of her relative or his. Ms. Loudon was a tenant, and she had Section 8 housing. And then Mr. Holsey was. I'm not sure exactly the way he described it. It sounded like. That was my recollection. There were a couple of owners involved, owner-occupants, but also some of them were tenants. He was a tenant and apparently some sort of a holdover status. The landlord quit paying the mortgage and it was whatever. But the property interest. That all relates to the interest affected by the red tagging. And then we have. Move on because I agree with him. Memphis Light says that your occupancy is one of the most important. So we have that. In terms of the Matthews v. Eldridge factors, we have as heavy of an interest on a private interest as you can get. Which brings me. I do want to talk about some factual disputes, but I don't want to get into the record. I mean, I know you're familiar with it. But because I think the factual disputes and our denial of some of their claims as to what code violations existed, plays into that first Matthews v. Eldridge factor about the risk of an erroneous governmental decision in the first instance. Like the Lansing Avenue house. One of the code violations was allegedly the house didn't have any numbers on it. One of the photographs produced by the police had the numbers on a porch post. Their own document showed that they were wrong. In Gardner, they say he approved the inspection. And page ID 117118, his affidavit. Never happened. He was detained down the street in a police car. On the Cairns Street. Mr. Hudson. Well, let me ask about the core issue, which is, to me anyway, what would a reasonable officer, reasonably well trained, informed, experienced, et cetera, have known about his or her obligations to provide notice? And is it really, wasn't it somewhat unsettled and open to debate in light of the subsequent decisions, whether or not they in fact overruled or not? I mean, is an officer charged with that? Parsing it to the point and saying, well, the court has now said this, that this is okay. It looks like it says it's okay. But that is meaningless because that panel couldn't overrule an earlier panel that says it's not okay. I mean, is that? I'll start with a subjective point, and that is the characteristics of my plaintiffs, my clients. And that's why I cited so extensively to Goldberg v. Kelly. These people do not have the wherewithal, the education, or the money. And these code compliance officers know exactly what they're doing. The police have just raided the building. Whether or not they know who actually caused the damage, that's a dispute for another time. But it's possible that they know. If they don't, they should know. It's also possible that the computers may have been seized in the crack house, so the Internet access goes out the window. Yes. Okay, but go ahead. If they have a computer, if they're computer savvy. So the people with children have CPS knocking on their door or show up and take their children away. They're not asking about, they're not worried about going to the code compliance tomorrow morning or to the clerk's office and finding this appeal process. They're worried about their children. Many of them are in jail. And most of the time they're using city code violations, frequenting a drug house or disorderly conduct. So in that scenario, do the code compliance officers have a heightened obligation? Probably not in a constitutional sense, but in a subjective sense, they're not working in a vacuum. Now, I'd like to discuss Silvernail v. Kent County, the bad check notices. Clearly the panel said that the phone number and the name, that's good enough. But at issue there was a $25 late fee. The actual judicial determination had not yet occurred. The actual deprivation had not yet occurred. Horn v. City of Chicago and Harada v. Detroit, both parking notice violation cases, you're getting a delinquent notice and it's going up, and you owe this, you owe this. And I don't want to get distracted by the misleading nature of the notices. The point was those people had not shown up in court. They had not answered their citations. And if I was reading those cases correctly, the judicial determination of a deprivation had still not occurred or wasn't final. So those three cases, of course Horn is a Seventh Circuit case, so it can't undermine our clearly establishing. The Supreme Court case, 1999, City of West Corvina. B. Perkins. Is that pretty close? That says you don't have to give appeal notices. It does abrogate our Flatford case. I think the issue there does not undermine Flatford because they said that when a municipality goes off of the state-established procedures and does its own system or deviates from the state procedures, that they must give a specific notice as to their procedures. And what they were saying was that there was a system of challenge and appeal to contest what was going on built into the state law. There's a process in place, state law. Right. And so even if the phone number and the name hadn't been on the notice, that state law procedure existed. Well, here you've got a city ordinance, don't you? You don't have state law, but you've got a city law. What's the difference there? Well, and that brings me up to what he said about the Michigan Constitution. I would give a supplemental brief if you want it, but my position is we have cases in Michigan that says our Administrative Procedures Act, which allows you to challenge something and or go to circuit court, does not apply to municipal decisions. That's for state boards and agency decisions. So that process is ñ now a city can cause that to apply, but that's not what we have here. So back to Perkins, Your Honor. I don't understand your point. I mean, there's a city ordinance here. Are you saying it's not valid or something? No. The appeals process is in the city ordinance. Okay. It's on the city's website. It's readily accessible, unlike, you know, in 1994 when there wasn't an Internet and these rights could not readily be determined by the public. Now it's there. This brings me to the confusion that we had in even finding the ordinance when I went looking for it. In 2009 and ñ It might be a factual issue, but I don't know if that's what we're ñ But I do want to address whether this availability, whatever it is, because, I mean, I'm conceding that the appeal process exists and it's in the books and it's sitting at City Hall. I'm conceding that. Whether you could find it or not, it's there. No, it's not on the Internet. Well, let me back up. It was on the Internet at the time. The problem that we have is, and this is where we made the first mistakes in the lower court, primarily in the Holsey case before they got consolidated. We gave Judge Yonker language that wasn't accurate because the city adopted the 2009 International Property Maintenance Code in 2012, and the whole process changed. As of 2012, when they adopted it, the adoptive ordinance didn't bring in all the boilerplate language. But there were ñ I mean, I know there were two different ordinances and there was confusion which one governed here, but they both had appeal rights, didn't they? Yes. They're both on the Internet. They're both readily accessible by the public. And the issue is, does the Constitution require for post-deprivation due process that the notice be given when it's red-tagged, or is it sufficient that it's readily accessible to the public on other forms? Tell me why the Supreme Court case in 1999 isn't dispositive on that. It says that the city need not take other steps of informing the plaintiff or the defendant there of his rights to appeal. And why does that conflict with our Flatford case and actually control? Because it's a Supreme Court case that was subsequent to our case. Because it specifically limited its holding to situations where the procedure was published in a statewide process and was state procedure. Why does it make any difference if it's published statewide or published ñ well, the Internet is worldwide for one thing, but whether it applies to a city or applies to a state, why should that make a difference? Because there are so many different cities, there are so many different municipalities, and in this particular case the city of Lansing took the requirement that the appeal rights be included in the notice. They took it out. They took it out. So you go looking... Why does the Constitution require it? If it's okay if the notice were statewide, you say, well, that's fine. But if it's only citywide, it's not going to be constitutional. I don't see what that distinction makes any sense. And also we're talking qualified immunity, and I'm Officer Gardner. That's the bottom line is that what all reasonable officers know, that this violates the Constitution. I read Corvina and Flatford and what do I think, and then along comes Silverthorne. It seems to me that regardless of Flatford, the door has now been opened by the Supreme Court, again, to try to parse, has it really overturned Flatford? It seems to me that we have to give some wiggle room to officers. An open-minded officer would, in fact, really read something and say, would he then know that this notice was not enough? Got any questions? Call us. I think when you weigh the interest of the private entity versus the additional step of simply giving the notice of the appeal process under the Matthews versus Eldridge factors and the acknowledgment by these code officers that when asked, they never refer people to the appeal process, that we win. Further questions at this time? You've got three minutes to rebuttal. Thank you, Your Honor. Try to be brief and on point for your consideration. You asked a couple of questions initially about the Flatford case and the ruling, the extent of the ruling. I found it's on 169. Moreover, fundamental fairness requires notice in short order of the right to an administrative hearing, including the banner designated for obtaining timely review, and I think that's a holding of the case. Maybe you could argue it's dictative, but it is in there that notice of the appellate rights is required. That's correct, Your Honor, that process is required. And in this case in Flatford, I'm sorry, I'm looking at a print-off here, and it's not giving me the exact page names, but it does state in its holding that for the problem here, Bozen Act's complete failure to provide any notice which is so essential where there is significant risk of government error. The providing of notice is what is required, or it's a 14th Amendment violation. In this case, and I apologize as to the tenant property and owner aspect of my argument, however, there is no contention here that or there is no dispute here that all of the tenants and property owners were provided notice. And I think that's true. The notice, the red tag, what was on the red tag, everybody got it, whether owner or. . . They weren't given notice of an administrative hearing. They were given notice. . . Post red tag, right? They were given notice, which, according to the case law, is sufficient at the time of a phone number and a person to call if they had any further questions. So, Mike, let me ask a question at this point. So your position would be that for purposes of the law here, any questions is the same thing as there is an appeals process. Am I right? I don't know if I would phrase it exactly that way, Your Honor. What I think we're saying is that the opportunity for notice of the appeal process that is available to anyone that wants to contest it is available and is provided through the phone number and the name of the person to contact. Your opponent has suggested that there's a factual dispute about what happens when you do ask, okay? But I think for me the real question is, what is the effect of the city of Corvina case in terms of calling into question Flatford? Because Flatford standing itself does seem to me to say, you didn't do the job you had to constitutionally. Go home. But Judge Griffin has said, wait a minute, there's a subsequent Supreme Court case that casts a shadow over the validity of the Flatford approach. I agree. These other cases distinguish Flatford, limit its ruling, and I think confines it to its general principle that that process has to be provided to avoid a violation of the 14th Amendment. And what we're arguing here and what was argued in Corvina, what was argued in Silvernail, what was subsequently argued and held in Shoemaker this year was that the notice that was provided by the city of Lansing on the red tag process was sufficient. Notice of the right to appeal. Candle, I think your answer to Judge Batchelder should have been, yes, Judge, that is our position, because that's how I read the briefs. Yeah. They were told all they needed to be told about their right to appeal rather than told what they need to be told to go find out about the right to appeal. But anyway, that's... I agree that the notice that was provided was sufficient under the law and was not so clearly beyond the debate to deny the qualified immunity to these individual line officers. Any further questions? All right, thank you, gentlemen. Thank you, Your Honor.